————o————

No. 5746.

Syllabus.

MRS. ANNIE SPREEN vs. MRS. CHARLES CASSNAU.

1. Death, like other facts, may be established by circumstantial evidence, when direct evidence is not obtainable; and when the absence without tidings of one exposed to peril of life concurs with other attendant circumstances to produce the moral conviction that the party is dead, such proof is all that is required.

2. Where, in a suit for specific performance, the title tendered is valid, but the administration of proof is necessary to establish such validity, the Court will exercise its discretion under Act 229 of 1910 and tax the costs of the lower Court upon the plaintiff, though he be successful.

Appeal from the Civil District Court Parish of Orleans, Division "D," Hon. J. Porter Parker, Judge.

Dart, Kernan & Dart, for plaintiff and appellee.

J. H. Brewer, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court as follows:

This is a suit by the vendor for the specific performance of a promise of sale of real estate. She derives title in

part by inheritance from her father, Thomas Kearns, who disappeared and has not been heard from since 1903, and into whose estate she was judicially sent into possession as heir upon her **ex parte** application alleging his death, accompanied by affidavit reciting the facts of his disappearance upon which the allegation of death was based. The defendant declined to accept title upon the ground. that there was lack of sufficient evidence to establish the fact of the father's death. There was judgment below for plaintiff and defendant has appealed.

There is no conflict in the testimony, the substance of which is to the following effect:

Kearns was employed as a night-watchman on the wharves of the river front and was on duty as such on the night of January 21st, 1903. When last seen he was still on duty at 5:15 the following morning. He was then an old man, more than seventy-one years of age, in very feeble health and mentally greatly distressed and depressed owing to the death of his wife a few months prior thereto. He had recently stated to members of his family and friends that he "wished he was dead and out of the way," and his condition was such that when on duty shortly before his disappearance he had gone to sleep while walking on the wharf and would have fallen into the river had not a stringer or cross-piece barred his way and awakened him. His umbrella was picked up on the wharf on the day of his disappearance; but other than this no trace of him has been found nor has he been heard of. He was a man of steady, regular and sober habits, and was deeply attached to his daughter and his home from which he never absented himself save when on duty or when at meetings of his Masonic Lodge which he regularly attended. There is no suggestion that financial or other difficulties might have given rise to a voluntary disappearance and have caused a continued absence. His

friends and family all unite in the statement and conviction that he is dead.

The rule governing this case may be stated as follows:

Death, like other facts, may be established by circumstantial evidence, when direct evidence is not obtainable; and when absence without tidings of one exposed to peril of life concurs with other attendant circumstances to produce the moral conviction that the party is dead, such proof is all that is required.

Considering his age, his feeble health, his distress of mind, his disappearance without trace, at a point where he had but recently escaped danger; and his absence, certainly involuntary, without tidings for more than ten years from his family, home and friends, the only rational conclusion to be reached is that Kearns is dead.

The principle applied and the conclusion reached is in harmony with the cases cited by plaintiff:

> Succession of Jones, 12 An., 397; Boyd vs. Insurance Company, 34 An., 848; Jamison vs. Smith, 35 An., 612; Sterrett vs. Samuel, 108 La., 349; Tobin vs. Bank, 115 La., 373; Iberia Cypress Company vs. Thorgeson, 116 La., 223.

The defendant's citations are of cases where absence alone was relied upon and where there was no proof that the absentee was exposed to peril of life.

> Succession of Vogel, 16 An., 139; Martinez vs. Succession of Vives, 32 An., 307; Willett vs. Andrews, 51 An., 486.

The lower Court properly sustained plaintiff's demand and ordered specific performance; but we think that the circumstance that it required the administration of proof to establish the validity of plaintiff's title, warrants the taxing upon her of the costs of the lower Court, as we are authorized to do under Act 229 of 1910.

It is accordingly ordered that the judgment of the lower Court be affirmed, the plaintiff to pay the costs of the lower Court and defendant those of the appeal.

Dufour, J., takes no part.

Judgment modified and affirmed.

Opinion and decree, February 24, 1913.